U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 07 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**NED VERNON NELSON, JR.** **PLAINTIFF**

**VS.** **CASE NO.** 10-1032

**ERGON, INC.; LION OIL COMPANY; LIFE INSURANCE COMPANY OF NORTH AMERICA; and CIGNA GROUP INSURANCE** **DEFENDANTS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants, ERGON, INC., LION OIL COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and CIGNA GROUP INSURANCE (which is not a legal entity and is therefore incapable of suing or being sued), remove this action from the Circuit Court of Union County, Arkansas to the U.S. District Court for the Western District of Arkansas, El Dorado Division. Defendants state as follows to establish removal jurisdiction:

1. Plaintiff, Ned Vernon Nelson, Jr., filed this suit to recover long-term disability benefits ("LTD") that he claims are owed to him under an employee welfare benefit plan ("the Plan") established for the benefit of employees of Lion Oil Company and/or Ergon, Inc (collectively, "Lion"). (Complaint ¶¶ 8-10). Plaintiff alleges that because he is disabled he is also entitled to have the Plan pay his life insurance premiums. (*Id.*).

2. Plaintiff alleges that he was a participant in the Plan by virtue of his employment with Lion. (Cplt ¶ 9).

3. Plaintiff alleges that defendant LINA provided disability insurance that funds the LTD benefit under the Plan. (Cplt. ¶ 4, 6, 10).

4. Plaintiff alleges that LINA paid him LTD benefits from August 12, 2008 until it terminated his benefits on August 11, 2009. (Cplt. ¶ 11). Plaintiff alleges that he appealed the denial of his claim for benefits, but on or about December 11, 2009, LINA denied his appeal. (Cplt. ¶ 12).

5. ERISA defines an "employee welfare benefit plan," as a plan or program established or maintained by an employer for the purpose of providing participants or their beneficiaries, through the purchase of insurance or otherwise, with benefits in the event of sickness, accident, disability, death or unemployment. 29 U.S.C. § 1002(1)

6. The Plan in this case is an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). Plaintiff acknowledges that Lion established the Plan by procuring disability insurance provided by LINA. (Cplt. ¶¶ 6, 9).

7. Because plaintiff seeks to enforce the terms of an employee welfare benefit plan, this suit is an action "by a participant or a beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," pursuant to ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B).

8. This Court could have exercised original jurisdiction over this suit under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332(e) and (f) (ERISA jurisdiction). This case is therefore removable under 28 U.S.C. § 1441.

9. Even if plaintiff had tried to assert a state-law breach of contract claim for the benefits he seeks, this Court would have jurisdiction because ERISA completely preempts state laws which

relate to employee welfare benefit plans. ERISA's "pre-emptive force is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Estes v. Federal Express Corp.*, 417 F.3d 870, 872-73 (8th Cir. 2005).

10. However, plaintiff acknowledges that, "This Court has jurisdiction over the parties hereto and over the subject matter hereof pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), found at 29 USC 1001-1461." (Cplt. ¶ 7).

11. Defendants attach to this Notice of Removal a copy of all process, pleadings and orders served upon them in the state court action. (Ex. A).

12. LINA was the first-served defendant. LINA was served with process no earlier than March 17, 2010, when its registered agent received the complaint, and this notice is therefore timely-filed under 28 U.S.C. § 1446(b). All defendants have joined in this notice.

13. Concurrent with the filing of this Notice of Removal, defendants are filing a Notice of Filing of Notice of Removal with the Circuit Court of Union County, Arkansas.

**KILPATRICK, WILLIAMS, SMITH & MEEKS, L.L.P.**
Attorneys at Law
Arvest Bank Building
500 Broadway Place, Suite 404
Little Rock, Arkansas 72201-3343
(501) 372-0401
Attorneys for Defendants
joe@kawlaw.net

/s/ Joseph E. Kilpatrick, Jr.
BAR NO. 74091

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2010, this pleading was filed electronically through the CM/ECF filing system, which shall send notification of such filing to the following attorneys of record:

Ms. Vicky Bussey Cooper
Thomas, Hickey & Shepherd, L.L.C.
423 North Washington
El Dorado, Arkansas 71730
vicky@eldolaw.com

/s/ Joseph E. Kilpatrick, Jr.