IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
CIVIL DIVISION

# SUMMONS

NED VERNON NELSON, JR.

PLAINTIFF

VS. NO. CV-2010-0010-6

DEFENDANT(S)

ERGON, INC., LION OIL COMPANY, ETC.

Plaintiff's Attorney: VICKY BUSSEY COOPER
THOMAS, HICKEY & SHEPHERD, L.L.P.
423 North Washington
El Dorado, AR 71730-5615

**THE STATE OF ARKANSAS TO DEFENDANT: LIFE INSURANCE COMPANY OF NORTH AMERICA**
**C/O THE CORPORATION COMPANY**
**124 WEST CAPITOL AVENUE, SUITE 1900**
**LITTLE ROCK, AR 72201**

## NOTICE

You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

**The attached Complaint will be considered admitted by you and judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:**

**A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure;**

**B. It must be filed in the Court Clerk's office within thirty (30) days from the day you were served with this Summons.**

If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

Additional notices:

WITNESS my hand and seal of this Court this 15TH day of March, 2010.

SEAL OF CIRCUIT COURT UNION COUNTY ARKANSAS

ADDRESS OF CLERK'S OFFICE
101 North Washington, Room 201
El Dorado, AR 71730

Cheryl Cochran-Wilson, Circuit Clerk

By: Laura Ward, D.C.

EXHIBIT
A

# RETURN OF SERVICE

STATE OF ARKANSAS
COUNTY OF

On this ________ day of _______________ 2010, at _______________ o'clock am/pm, I have duly served the within Summons and Complaint, and any other documents attached thereto, by delivering a true copy thereof to ________________________________________________ such person being:

☐ The person(s) named therein as defendant(s) at the following addresses:

____________________________________________

☐ A member of the defendant's family above 14 years of age at the defendant's usual place of abode namely:

__________________________________________________________________

at the following address:

__________________________________________________________________

☐ The duly designated agent for service of process for the defendant namely:

___________________________________________

☐ Other:

______________________________________________________________________

Service: $_______________

Mileage: $_______________

TOTAL: $_______________

SHERIFF or PROCESS SERVER

By:___________________________

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
CIVIL DIVISION

NED VERNON NELSON, JR. PLAINTIFF

VS. CV-2010-0010-6

ERGON, INC., LION OIL COMPANY,
LIFE INSURANCE COMPANY OF
NORTH AMERICA, AND CIGNA
GROUP INSURANCE DEFENDANTS

**COMPLAINT**

COMES NOW the Plaintiff, Ned Vernon Nelson, Jr., by and through his attorneys, Thomas, Hickey & Shepherd, LLP, and for his complaint against Ergon, Inc., Lion Oil Company, Life Insurance Company of North America, and Cigna Group Insurance, does state:

1.

The Plaintiff Ned Vernon Nelson, Jr. is a citizen and resident of Union County, Arkansas. At all relevant times, he was an employee of Lion Oil Company and/or Ergon, Inc, at a facility located within Union County, Arkansas.

2.

Ergon, Inc. is a foreign corporation authorized to do business in the State of Arkansas. Ergon, Inc.'s registered agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1400, Little Rock, AR 72201.

3.

Lion Oil Company is a domestic corporation authorized to do business in the State of Arkansas, whose registered agent for service of process is Wallace M. Moody, 100 East Peach Street, Suite 201, El Dorado, AR 71731.

FILED
1-11-10 @ 3:00 PM
CHERYL COCHRAN - WILSON, CLERK
BY [signature] D.C.

4.

Life Insurance Company of North America is a Life Insurance Company which is either a foreign corporation or foreign limited liability company registered with and currently in good standing with the Arkansas Secretary of State's Office. Life Insurance Company of North America lists its principal place of business as C/O Tax Department, TLP 13, 1601 Chestnut Street, Philadelphia, PA. L ife Insurance Company of North America is authorized to do business in the State of Arkansas but apparently has no registered agent for service of process in the State of Arkansas.

5.

Cigna Group Insurance is apparently a foreign corporation that is not registered or authorized to do business in the State of Arkansas, and apparently has no agent for service of process in the State of Arkansas. Cigna Group Insurance has an apparent primary place of business of CIGNA Corporation, Office of the Corporate Secretary, Two Liberty Place, TL17A,1601 Chestnut Street, Philadelphia, PA 19192. Its Chief Executive Officer and Chairman of the Board is David Cordani.

6.

This cause of action is founded upon an employee benefits plan which provided benefits of various kinds to employees, including Plaintiff, of Lion Oil Company and/or Ergon, Inc. It is believed that some of those benefits were provided by Lion Oil Company and/or Ergon, Inc., through the Life Insurance Company of North America in the form of Disability Insurance benefits which in turn made payment of premiums of Life Insurance benefits provided through Cuna Mutual Group, also known as Cuna Mutual Insurance Society or Lending Solution Group Claims, P.O. Box 667, Waverly, IA, 50677-0667. It is further believed that Cigna Group Insurance was, or is and entity which had responsibility for the administration of all or parts of the employee benefit plan.

7.

This Court has jurisdiction over the parties hereto and over the subject matter hereof pursuant to the Employee Retirement Security Act of 1974 (ERISA), found at 29 USC 1001-1461. Venue properly lies in Union County, Arkansas.

8.

At all relevant times Plaintiff was an employee of Lion Oil Company and/or Ergon, Inc.

9.

As an employee of Lion Oil Company and/or Ergon, Inc, Plaintiff was a participant in the employee benefit plan sponsored by Ergon Inc. and/or Lion Oil Company wherein Plaintiff enrolled and participated in the benefit plan which provided for long term disability benefits insurance coverage which included payment of Plaintiff's life insurance premiums in the event Plaintiff became disabled and therefore eligible for the long term disability insurance benefits coverage.

10.

Plaintiff suffered an injury to his back and underwent multiple back surgeries, the last of which was in 2008. After which, Plaintiff filed a claim for his long term disability benefits under the provision of his employee benefit plan sponsored by Ergon Inc. and/or Lion Oil Company which provided for long term disability benefits insurance coverage and which included a provision for payment of Plaintiff's life insurance premiums in the event Plaintiff became disabled and therefore eligible for the long term disability insurance benefits coverage which were provided by Life Insurance Company of North America and administered by Cigna Group Insurance.

11.

On August 12, 2008, Plaintiff was approved for his long term disability benefits under the plan sponsored by Ergon Inc. and/or Lion Oil Company wherein Plaintiff was enrolled and participated in the benefit plan which provided for long term disability benefits insurance coverage and which included a benefit for payment of Plaintiff's life insurance premiums in the event Plaintiff became disabled and therefore eligible for the long term disability insurance benefits coverage which were provided by Life Insurance Company of North America and administered by Cigna Group Insurance. However, the continuation of Plaintiff's benefits were denied beyond August 11, 2009, and Plaintiff appealed that denial.

12.

Plaintiff followed proper procedure and appealed the denial of his benefits. Plaintiff's appeal of the denial of continuation of benefits was accompanied by numerous additional medical records and documentation from multiple medical sources as well as the social security administration, but the Plaintiff received notice on December 11, 2009, that his appeal was again denied despite the submission of additional evidence.

13.

Plaintiff has fully complied with every requirement of all defendants and the employee benefits plan, has made timely and proper demand for notice and proper appeals at all times appropriate. However, Defendant's denied his appeal and continued the denial of continuation of his benefits. Defendant's continuation of the denial of Plaintiff's long term disability benefits and the associated supplemental benefit of payment of his life insurance policy premium was: arbitrary and capricious; a breach of defendants' fiduciary duty to Plaintiff; a breach of the contract Defendants entered into with Plaintiff to provide benefits; and, was unsubstantiated and unsupported by the medical evidence.

14.

Defendants should be ordered to reinstate all of Plaintiff's benefits both past and future, to which he is entitled, retroactive to the date they stopped paying said benefits, including the monthly benefit amount, as well as the amount of plaintiff's life insurance premium retroactive to the date said benefits were denied, plus interest thereon at the maximum lawful rate from the date said sum should have been paid through the date is if finally paid, and Plaintiff should be awarded judgment against Defendants in said amount.

15.

Plaintiff is entitled to judgment against the defendants responsible for payment the amount of benefits under the long term disability insurance policy as well as the amount of the premiums to be paid toward the payment of Plaintiffs life insurance premiums, plus interest thereon at the maximum lawful rate from the date said sum should have been paid through the date is if finally paid.

16.

Plaintiff seeks a declaratory judgment against the defendants for payment of benefits under the long term disability insurance policy as well as the amount of premiums to be paid toward the Plaintiff's life insurance policy, plus interest thereon at the maximum lawful rate from the date said sums should have been paid through the date finally paid.

17.

Plaintiff is entitled to an award of his reasonable attorneys fees from all of the defendants.

18.

Plaintiff demands a trial by jury on all issues properly so triable.

WHEREFORE, premises considered, Ned Vernon Nelson, Jr., prays for judgment against Ergon Inc., Lion Oil Company, Life Insurance Company of North America, and Cigna Group Insurance, for the amount of his long term disability benefits and the premiums of his life insurance policy, plus interest at the maximum allowable rate, as well as reasonable attorneys fees, his costs expended herein, and for any and all other relief to which he may be entitled in law or equity.

THOMAS, HICKEY & SHEPHERD, L.L.C.

BY: ______________________________

Vicky Bussey Cooper, #94168
423 North Washington
El Dorado, AR 71730
(870) 862-3478 Telephone
(870) 862-7228 Facsimile
Vicky@eldolaw.com