**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

NED VERNON NELSON, JR. PLAINTIFF

vs. Case No.: 1:10-cv-01032-HFB

ERGON, INC., LION OIL COMPANY,
LIFE INSURANCE COMPANY OF
NORTH AMERICA, AND CIGNA
GROUP INSURANCE, DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS ERGON, INC. AND LION OIL COMPANY**

Defendants, ERGON, INC. ("ERGON") and LION OIL COMPANY ("LION"), submit this brief in support of their Federal Rule 12(b)(6) motion to dismiss the claims plaintiff Ned Vernon Nelson, Jr. has attempted to assert against these defendants.

## I. Introduction

Plaintiff, Ned Vernon Nelson, Jr., has filed suit against Life Insurance Company of North America ("LINA"), CIGNA Group Insurance, Ergon, and Lion, seeking to recover long-term disability ("LTD") benefits and a waiver of life insurance premiums under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. (Cplt. ¶ 7-10). Plaintiff alleges that, as a former employee of either Lion or Ergon (Cplt. ¶ 9), he received disability insurance coverage and life insurance coverage under an employee welfare benefit plan established under ERISA. (Cplt. ¶ 6-7). Plaintiff alleges that LINA is an insurance company that provided the insurance coverage that funded LTD benefits under the plan. (Cplt. ¶ 6, 10). Plaintiff alleges that the premiums for the coverage were paid to LINA. (Cplt. ¶ 6). Plaintiff contends that, although he is disabled for purposes of the insurance, LINA terminated the payment of his disability benefits effective August 11, 2009. (Cplt. ¶ 11).

LINA has answered complaint. The complaint should be dismissed in its entirety as to Lion and Ergon, under Federal Rule 12(b)(6), because Lion and Ergon did not control the administration of the plan or the payment of benefits. The complaint, together with LINA's group insurance policy, show that LINA alone, as the plan's insurer, made the decision to terminate plaintiff's LTD benefits. As a result, plaintiff cannot state a claim to recover the benefits at issue from Ergon and Lion, and these defendants should be dismissed pursuant Rule 12(b)(6).

**II. Federal Rule 12(b)(6) Standard**

To state a claim for relief under Federal Rule 8, the plaintiff must allege "the grounds of his entitlement to relief," which requires more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Id.* at 570; *Leslie v. Champion Parts, Inc.*, 2009 WL 2590079, *1 (W.D. Ark. 2009) (Barnes, J.). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal quotations omitted). *Twombly's* plausibility standard applies to all civil litigation. *Iqbal*, 129 S.Ct. at 1953.

In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss, without converting the motion into a motion for summary judgment. *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (2009) (court deciding Rule 12(b)(6) motion to dismiss claim for breach of fiduciary duty under ERISA could properly consider summary plan descriptions that had been distributed to employee-participants).

## III. Argument

### A. Plaintiff cannot state a claim against his former employer to recover benefits under an ERISA plan.

Plaintiff seeks recovery of disability benefits under the plan and reinstatement of the waiver of his life insurance premiums under a life insurance policy that covered employees of Ergon and Lion. He also seeks to recover attorneys' fees and interest on the unpaid benefits. (Cplt. ¶ 6, 14-16, *ad damnum*).

29 U.S.C. § 1132(a)(1)(B) allows a participant or beneficiary in an ERISA-governed benefit plan to bring suit "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 942 (8th Cir. 1999); *Leslie,* 2009 WL 2590079, *2. If plaintiff establishes an entitlement to disability benefits, he can recover the benefits due, attorneys' fees (in the Court's discretion), and prejudgment interest (in the Court's discretion) under § 1132(a)(1)(B). *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.,* 2010 WL 716105, *3 (E.D. Mo. 2010).

The proper party against whom a claim for ERISA benefits may be brought "is the party that controls administration of the plan, not the plan participant's employer." *See Hall v. LHACO, Inc*., 140 F.3d 1190, 1194 (8th Cir. 1998) (quotation marks omitted) (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998)). *Layes* adopted the Sixth Circuit's holding that "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Layes*, 132 F.3d at 1249 (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)).

Here, plaintiff's complaint, and the documents that form the foundation for plaintiff's claim for benefits, show that it was LINA, and not Ergon or Lion, who made the decision to

terminate plaintiff's disability benefits and the decision to terminate the waiver of his life insurance premiums. Plaintiff alleges that the disability benefits at issue were provided:

> through the Life Insurance Company of North America in the form of Disability Insurance benefits which [in addition] made payment of premiums of Life Insurance provided through Cuna Mutual Group. <u>It is further believed that CIGNA Group Insurance was, or is [an] entity which had responsibility for administration of all or parts of the employee benefit plan</u>. (Cplt. ¶ 6 emphasis added).

The group policies which fund the waiver of life insurance premiums and disability benefits under the plan and the summary plan description ("SPD") for the plan confirm that LINA made the decisions concerning whether plaintiff was eligible for benefits. Group Policy No. LK-960216 insures the disability benefits that plaintiff seeks to recover. It states that:

> The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. … He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid.
>
> The Insurance Company will require continued proof of the Employee's Disability for benefits to continue. (Group Policy LK-960216, Exhibit A, p. 13).

Group Policy No. FLX-0960228 provides for the waiver of the life insurance premiums as to which plaintiff seeks reinstatement. It provides that:

> In order to qualify for Waiver of Premium an Employee must submit due proof that he or she has been Disabled for the Benefit Waiting Period shown in the Schedule of benefits for the benefit. Such proof must be submitted to the Insurance Company no later than 3 months after the Employee satisfies the Benefit Waiting Period. (Group Policy No. FLX-0960228, Exhibit B, p. 9).

The group life policy states that notice of claim and proof of claim must be submitted to LINA. (Ex. B p. 13-14).

The SPD makes clear that LINA decides whether benefits are payable. It provides that:

> The Plan Administrator has appointed the Insurance Company as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for

> coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law. (SPD, Exhibit C, p. 20).

When a court considers a motion to dismiss a claim based on a contract, the court may consider the documents that make up the contract, whether or not they are attached to the complaint. *Stahl,* 327 F.3d at 701. In *Hecker,* 556 F.3d at 582, the Seventh Circuit held that a district court, in considering a motion to dismiss a claim alleging that an employer had breached its fiduciary duties under ERISA by overpaying the company that managed a pension plan's investments, could consider the SPD for the plan and the administrative services agreement between the employer and the investment manager. Therefore, this Court can consider the group policies and the SPD in deciding the motion to dismiss.

The letters notifying plaintiff that his waiver of premiums and disability benefits would be terminated also reflect that LINA, and not Ergon or Lion, made the decision to terminate his benefits. In a letter dated August 13, 2009, LINA notified plaintiff that, "[a]fter completing *our* review of your claim, we are unable to continue paying benefits beyond August 11, 2009." (The letter is attached as Exhibit D. (emphasis added)). In a letter dated August 19, 2009, LINA stated that "*we* are unable to continue your claim for Waiver of Premium, based on the information described below." (The letter is attached as Exhibit E. (emphasis added)).[1]

When a plaintiff fails to attach a pertinent document to his pleading, the defendant may introduce the document as part of a motion attacking the pleading, without converting the motion into a motion for summary judgment. *I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991) (quoted with approval in *Silver v. H&R Block, Inc.*, 105

[1] Plaintiff has named "CIGNA Group Insurance" as a defendant. The footer of both denial letters reflects that CIGNA Group Insurance is a service mark that has been licensed for use by the insurance company subsidiaries of CIGNA Corporation, including LINA. CIGNA Group Insurance is not a legal entity.

F.3d 394 (8th Cir. 1997)). The rationale for this rule is that a plaintiff should not be able to evade a properly argued motion to dismiss simply by failing to attach the document that his claim founded upon. Here, plaintiff's claim for the waiver of premium and claim for disability benefits are founded upon and relate to the denial letters. The content of the letters is undisputed. As a result, they can be considered on a motion to dismiss.

In summary, the complaint, the group policies, the SPD and the denial letters show that LINA, and not Ergon or Lion, made the decision to terminate plaintiff's benefits. As a result, Ergon and Lion are not proper defendants to plaintiff's claim for benefits under ERISA, and these defendants should be dismissed under Federal Rule 12(b)(6). *Layes*, 132 F.3d at 1249 (employer was improper defendant in former employee's suit to recover disability benefits under ERISA plan because plan's insurer decided to deny plaintiff's claim for disability benefits,).

**B. Lion and Ergon should be dismissed because the benefits plaintiff seeks cannot be obtained from these defendants.**

A benefit plan under ERISA is a legal entity that may sue or be sued. 29 U.S.C. § 1132(d)(1). "Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity …." § 1132(d)(2). Accordingly, "[b]enefits due under the terms of the plan can only be obtained against the Plan itself." *Leslie,* 2009 WL 2590079 at *3 (quoting *Hall*, 140 F.3d at 1196). "Any injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested." *Id.*

The SPD and the group policies show that LINA decided whether plaintiff was eligible for the benefits at issue, and that, if benefits were due to plaintiff, LINA, as the issuer of the policies, would be responsible for providing the benefits. Ergon and Lion, as plaintiff's alleged employer, do not have the duty to provide plaintiff with benefits under LINA's policies. Ergon

and Lion do not have the power to pay out benefits under LINA's group policies. As a result, Ergon and Lion are not proper parties to plaintiff's claim for benefits.

In *Leslie*, 2009 WL 2590079 at *3, this Court dismissed the directors of a bankrupt corporation in a suit to recover health care benefits under § 1132(a)(1)(B) because, even if the directors were administrators of the plan, the plan was bankrupt and the directors could not pay out the benefits sought. In *Hall*, 140 F.3d at 1196, the Eighth Circuit dismissed the former administrator of a health care plan because it could not pay out the benefits the plaintiff sought. Similarly, Ergon and Lion should be dismissed from this case because they cannot pay out any benefits that may found to be due under the group policies LINA issued.

**C. Plaintiff cannot state a claim for breach of fiduciary duty against Ergon and Lion.**

§ 1132(a)(1)(B) allows a participant or beneficiary to bring suit "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 942 (8th Cir. 1999). § 1132(a)(3) provides that a participant or beneficiary may bring a civil action "to obtain other appropriate equitable relief (i) to redress ... violations [of ERISA or the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). § 1132(a)(3) permits a participant or beneficiary to "seek equitable remedies in [their] individual capacit[ies] for a breach of fiduciary duty not specifically covered by the other enforcement provisions of section 1132." *Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 731 (8th Cir. 2009).

In *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996), the Supreme Court held that relief under § 1132(a)(3) is available only "as a safety net offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id. Varity*

*Corp.* limits the relief afforded by § 1132(a)(3) to plan participants or beneficiaries who are not able to avail themselves of other remedies under § 1132. *Pichoff*, 556 F.3d at 731; *Kerr*, 184 F.3d at 942. If "a plaintiff is provided adequate relief by the right to bring a claim under § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)." *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, 2010 WL 716105, *3 (E.D. Mo. 2010); *see also Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (because § 1132(a)(1)(B) allowed plan participant to sue for benefit at issue, "he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)").

Here, if plaintiff establishes an entitlement to benefits, he can recover the benefits due, attorneys' fees (in the Court's discretion), and prejudgment interest (in the Court's discretion) under ERISA's civil enforcement provision, § 1132(a)(1)(B). As a result, he cannot state a claim against Ergon and Lion for breach of fiduciary duty under § 1132(a)(3). *Midwest Special Surgery, P.C.*, 2010 WL 716105, at *3 (dismissing on Rule 12(b)(6) motion claim for fiduciary breach under § 1132(a)(3) because relief sought was benefits allegedly due, and such relief could be obtained under § 1132(a)(1)(B)); *Clark v. Hewitt Associates, LLC*, 294 F.Supp.2d 946, 950 (N.D. Ill. 2003) (same). Therefore, to the extent that plaintiff has attempted to state a claim for breach of fiduciary duty against Ergon and Lion, his effort fails, and these defendants should be dismissed under Rule 12(b)(6).

## IV. Conclusion

For these reasons, defendants, ERGON, INC. and LION OIL COMPANY, request that this Honorable Court dismiss under Federal Rule 12(b)(6) the claims plaintiff Ned Vernon Nelson, Jr. has attempted to assert against these defendants.

Respectfully submitted,

ERGON, INC. and LION OIL COMPANY

By: /s/ Peter E. Pederson
One of their attorneys

Joseph E. Kilpatrick, Jr.
Kilpatrick, Williams, Smith & Meeks, L.L.P.
500 Broadway Street
Little Rock, AR 72201-3343
501-372-0401
501-372-5277 (fax)
joe@kawlaw.net

Admitted *pro hac vice*:
Daniel K. Ryan
(Illinois ARDC # 6196616)
Peter E. Pederson
(Illinois ARDC # 6270416)
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 (fax)
dryan@hinshawlaw.com
ppederson@hinshaawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2010 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Vicky Bussey Cooper, Esq. vicky@eldolaw.com

/s/ Peter E. Pederson